Gaston, J.
 

 The instrument declared on in this case was executed, or purports to have been executed, in May, ISSF, before our Revised Statutes went into operation; but the 24th chapter of those statutes, which we have had occasion to consider and explain in the case of the State on relation of
 
 McRae's Administrators
 
 v
 
 Wall and
 
 Garrett, (ante p. 267,) is but a re-enactment, in a condensed form, of the statutory provisions, which were in force in January, 1837, when the Revised Statutes were ratified. The provisions referred to in the opinion delivered in that case, that there shall be but one constable in each district, except in that containing the county town, that the constables in each district shall be elected by the people, and the constables so elected are to qualify and give bonds at the succeeding County Court, and that on failure to ;hold elections in any district, or of the person elected to qualify and give bond, it shall be proper for the court which shall next happen, seven jusiices being present, to supply the vacancy, are all taken,
 
 tolidem
 
 verbis, from the act of 1833, eh. 5. In the case before us there was not a failure to elect a constable in the district in question. Thomas Utley had been el.ec.ted in that district, and given the necessary bond and taken the oaths of office. But while the office was thus full, the County Court of Chat-ham undertook to appoint Henry Lightfoot a constable for the town of Haywood, within that district. This act, we are obliged to say, was wholly unauthorized, the appointment null, and the instrument, executed as an official bond, accepted by persons who, were not agents of the State for that purpose. Could we believe with his Honor (and we would fain so believe if we could) that the court acted within its jurisdiction but erred in its judgment, we should certainly acquiesce also in his conclusion. But the
 
 jurisdiction
 
 is in itself limited and precise, to fill a vacancy. To make an appointment, where there is no vacancy, is to usurp a power not granted. It cannot be pretended that Haywood was “a county town,” which means the town, which is the seat of justice for the county; and, therefore, we need not
 
 *310
 
 examine, whether, where the people have chosen to elect but otle consi:a^e f°r the district including the county town, the court may, under a liberal construction of this very defective statute, appoint another constable for that district. Entertaining a clear opinion that the act done by the County Court transcended its jurisdiction, we are led by the principles and reasoning which we have set forth in bur opinion in the case already mentioned, to hold that the delivery of the instrument declared on was not proved.
 

 It is not necessary to express our opinion upon the other question supposed to be involved in the case. But on that also we take a different view from the one expressed by his Honor. The object of these official bonds is to afford a cumulative remedy to that which the party injured had, independently of the bond, against the officer. The claims put into the hands ot the constable for collection, were received from the firm of Evans, Horne & Co., and with the persons constitutingthat firm, hecontracted to account therefor. W hen he violated this engagement, those with whom he contracted, were, in contemplation of law, the
 
 persons
 
 injured— and whatever arrangements 'might have been made between themselves, as to the beneficial interest in the proceeds of these claims, they were the persons authorized to sue, because
 
 ot
 
 that injury.
 

 The judgment of the Superior Court must be reversed, and a new trial awarded.
 

 Per Cuziiam. New trial awarded.